# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** William Joseph Wilmer

**Case Number:** 04-19073

### Document Information

**Description:** Order Denying [11-1] Chapter 13 Plan .

**Received on:** 2005-04-18 14:56:10.000

**Date Filed:** 2005-04-18 00:00:00.000

**Date Entered On Docket:** 2005-04-19 00:00:00.000

### Filer Information

**Submitted By:** Patti Hennessy

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: WILLIAM WILMER,　　　　　　　　　　　　No. 13-04-19073 MA

Debtor.

**ORDER DENYING CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

THIS MATTER is before the Court on confirmation of the Debtor's chapter 13 plan of reorganization. The Chapter 13 Trustee filed an objection to the Debtor's proposed plan, asserting, among other things, that the plan does not meet the disposable income test. *See* Chapter 13 Trustee's Objection to Confirmation of Debtor's Plan (Docket # 17). The Court held a final hearing at which testimony was presented on April 14, 2005. Based on the evidence presented at the final hearing and the Debtor's statements and schedules, the Court finds that the plan as proposed cannot be confirmed because it fails to meet the disposable income test. Confirmation will, therefore, be denied. In reaching this determination, the Court FINDS:

　　　1. Debtor makes voluntary contributions of $119.92 per pay period to a retirement savings account, known as the Thrift Savings Plan (TSP). *See* Exhibit 1 - Civilian Leave and Earnings Statements.

　　　2. Debtor gets paid every two weeks. Debtor's Schedule I reflects a payroll deduction for "Retirement and loan" in the amount of $824.93 per month.[1]

　　　3. Debtor's plan proposes to pay $450.00 per month for thirty-six months. The proposed

---

[1] Debtor filed amended Schedules I and J on April 14, 2005. Debtor's amended Schedule I continues to reflect a payroll deduction for retirement and loan in the amount of $824.93 per month.

plan will not pay unsecured creditors in full.[2]

4. If the trustee objects to a debtor's proposed chapter 13 plan, and the plan does not propose to pay unsecured creditors the full value of their claims, the debtor must demonstrate that he has committed all of his disposable income to plan payments for a three year period. 11 U.S.C. § 1325(b)(1). Specifically, pursuant to 11 U.S.C. § 1325(b)(1)(B), a plan is not confirmable unless:

> the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date the first payment is due under the plan will be applied to make payments under the plan.

11 U.S.C. § 1325(b)(1)(B).

5. Voluntary contributions to a retirement savings plan are part of a debtor's disposable income. *In re Bayless,* 264 B.R. 719, 721 (Bankr.W.D.Okla. 1999) ("[C]ontributions to a voluntary retirement program . . . are part of Debtors' disposable income."); *In re Anes,* 195 F.3d 177, 180-181 (3rd Cir. 1999) (finding that voluntary contributions to retirement plans are not reasonably necessary for a debtor's maintenance or support, so that such payments may only be made after all unsecured debts are satisfied.).

6. Debtor's plan cannot be confirmed as proposed because he is not devoting all of his disposable income to plan payments as required under 11 U.S.C. § 1325(b)(1)(B).

WHEREFORE, IT IS HEREBY ORDERED, that confirmation of the Debtors' proposed

---

[2]Debtor has scheduled unsecured non-priority claims in the amount of $40,528.26. Debtor's plan base is $16,200.00 ($450.00 X 36 mos). Debtor's plan proposes to cure pre-petition arrears on two mortgages, totaling $17,120.72. At the confirmation hearing Debtor proposed to address this feasibility problem by extending the length of his plan. Even if the plan were extended to sixty months, the plan will not pay 100% of scheduled unsecured claims.

chapter 13 plan is DENIED.  In light of this ruling, the Court need not consider other objections made by the Chapter 13 Trustee to the Debtor's proposed plan.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

Michael K. Daniels
Attorney for Debtor
PO Box 1640
Albuquerque, NM 87103-1640

Karen Howden Weaver
Attorney for Chase Manhattan Mortgage Corporation
3803 Atrisco Dr NW Ste A
Albuquerque, NM 87120-4958

Karen Bradley
Attorney for Homecomings Financial Network
PO Box 3509
Albuquerque, NM 87190-3509

Kelley L. Skehen
Chapter 13 Trustee
625 Silver Avenue SW, Suite 350
Albuquerque, NM 87102-3111

_____
Patti G. Hennessy
Law Clerk
(505) 348-2545

3